THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES STEVEN PAULEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STEPHEN SINCLAIR,<br><br>　　　　　Respondent. | CASE NO. C14-0151-JCC<br><br>ORDER |

This matter comes before the Court on the objections of Petitioner James Pauley to the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge. (Dkt. No. 18.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, OVERRULES Petitioner's objections, and ADOPTS the Report and Recommendation of Judge Donohue for the reasons explained herein.

Petitioner, currently incarcerated at the Walla Walla Washington State Penitentiary, filed a *pro se* 28 U.S.C. § 2254 habeas petition challenging his custody after his April 12, 2010 conviction in King County Superior Court for second degree assault, vehicular assault, first degree robbery, and attempting to elude a police vehicle. (Dkt. No. 16, Ex. 1 at 1.) Mr. Pauley's only federal claim is that he had automatic standing to challenge the introduction of evidence recovered from a car he allegedly stole, under the Fourth Amendment to the United States Constitution, and the evidence recovered should have been suppressed at trial. (Dkt. No. 9 at 6.)

Judge Donohue recommended that the petition be denied in accordance with *Stone v. Powell*, 428 U.S. 465 (1976). Mr. Pauley filed objections, again explaining that he had automatic standing to challenge the seizure of the evidence introduced against him at trial, and stating that he was not given "full and fair opportunity to challenge the illegal and unconstitutional search and seizure." (Dkt. No. 18 at 1.) He also references the Washington State Constitution, though plainly the Court may not grant him habeas relief on a claim arising out of a violation of state law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.")

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). Here, Petitioner moved to suppress the evidence in state court, though that motion was denied after the trial court found that he lacked standing to challenge the seizure. The fact that Mr. Pauley disagrees with the result of the motion does not mean that he did not have the opportunity to litigate his claim in state court. Thus, even assuming, for the purposes of this argument, that Petitioner is correct that the relevant search was unconstitutional, the Court still may not grant habeas relief on the basis of his Fourth Amendment claim.

Accordingly, the Court hereby ORDERS:

(1) The Court ADOPTS the Report and Recommendation of Judge Donohue. (Dkt. No. 17.)

(2) Petitioner's objections, (Dkt. No. 18), are OVERRULED.

(3) The habeas petition is DISMISSED with prejudice.

(4) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

(5) The Clerk is DIRECTED to send copies of this Order to Petitioner, counsel for

1       Respondent, and Judge Donohue.

2       DATED this 29th day of July 2014.

 

 

 

 

 

                                              John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE